UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL                                     'O'

| Case No. | CV16-2265-CAS(FFMx) | | Date | June 6, 2016 |
|---|---|---|---|---|
| Title | NATHANIEL J. FRIEDMAN V. U.S. BANK NATIONAL ASSOCIATION, ET AL. | | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE |
|---|---|

| Connie Lee | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Charles Ruben | Parisa Jassim |
| | Laura Coombe |
| | William Brown, Jr. |

**Proceedings:**    DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS (Dkt. 26, filed April 25, 2016)

DEFENDANT NATIONSTAR MORTGAGE, LLC AND U.S. BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS (Dkt. 31, filed April 25, 2016)

PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (Dkt. 53, filed May 25, 2016)

## I.    INTRODUCTION

On April 1, 2016, plaintiff Nathaniel J. Friedman filed this action against defendants U.S. Bank National Association ("U.S. Bank"); Bank of America, N.A. ("BANA"); Nationstar Mortgage, LLC ("Nationstar"); Veriprise Processing Solutions, LLC ("Veriprise"); Aztec Foreclosure Corporation ("Aztec"); and Does 1-10, inclusive. Plaintiff's complaint asserts claims for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) accounting; (4) "injunctive relief for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL                    'O'

| Case No. | CV16-2265-CAS(FFMx) | Date | June 6, 2016 |
|----------|---------------------|------|--------------|
| Title | NATHANIEL J. FRIEDMAN V. U.S. BANK NATIONAL ASSOCIATION, ET AL. | | |

temporary restraining order, preliminary and permanent injunction";[1] (5) violation of California Civil Code § 2924c; and (6) money had and received.  See Dkt. 1 (Compl.).

On April 25, 2016, defendants Nationstar and U.S. Bank filed a joint motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), as well as a request for judicial notice.  Dkts. 31-32.  On April 25, 2016, defendant BANA filed a separate motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), as well as a request for judicial notice.  Dkts. 26-27.  Pursuant to a court scheduling order, plaintiff timely filed his opposition on May 16, 2016, as well as a request for judicial notice.[2]  Dkts. 48-51.  On May 23, 2016, defendants filed their replies.  Dkts. 51-52.

---

[1] Plaintiff contends that he is entitled to a Temporary Restraining Order ("TRO"), Preliminary Injunction, and Permanent Injunction "enjoining all Defendants . . . from selling . . . or in any other way disposing of the PROPERTY" at issue in this action.  Compl. at ¶ 110.  However, "[i]njunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted."  Lawrence v. Aurora Loan Servs. LLC, No. CV F 09-1598 LJO DLB, 2010 WL 364276, at *12 (E.D. Cal. Jan. 25, 2010) (quoting Shell Oil Co. v. Richter, 52 Cal. App. 2d 164, 168 (1942).  Accordingly, plaintiff's claim for "Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction" is hereby **DISMISSED** without prejudice.

[2] Plaintiff filed one request and defendants filed two requests for judicial notice of certain documents contained in the official public records of the County of Los Angeles.  See Dkts. 27, 32, 50.  The Court grants plaintiff's and defendants' requests for judicial notice because the documents contained therein are in the public record and their existence is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Indeed, courts routinely take judicial notice of these types of documents.  See, e.g., Liebelt v. Quality Loan Serv. Corp., 2011 WL 741056, at *6 n.2 (N.D. Cal. Feb.24, 2011); Reynolds v. Applegate, 2011 WL 560757, at *1 n.2 (N.D. Cal. Feb.14, 2011); Giordano v. Wachovia Mortg., 2010 WL 5148428, at *1 n.2 (N.D. Cal. Dec. 14, 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     **'O'**

| Case No. | CV16-2265-CAS(FFMx) | Date | June 6, 2016 |
|---|---|---|---|
| Title | NATHANIEL J. FRIEDMAN V. U.S. BANK NATIONAL ASSOCIATION, ET AL. | | |

On May 25, 2016, defendant filed an ex parte application for a temporary restraining order and preliminary injunction.[3] On May 27, 2016, defendants U.S. Bank and Nationstar filed an opposition to plaintiff's ex parte application.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

---

[3] The instant ex parte application for a TRO is the third such application that plaintiff has filed. Plaintiff filed his first ex parte application for a TRO on April 1, 2016. After being served, defendants postponed the pending foreclosure sale on the underlying property in this action from April 14, 2016 to May 12, 2016, and plaintiff accordingly withdrew his ex parte application. On April 28, 2016, plaintiff filed his second ex parte application for a TRO. After being served, defendants again postponed the sale from May 12, 2016 to June 9, 2016, after which plaintiff again withdrew his ex parte application for a TRO. In the ex parte application presently before the Court, plaintiff argues, much as he does in his complaint and oppositions to defendants' motions to dismiss, that he has an absolute right under California Civil Code section 2924c to reinstate his loan by paying all penalties, interests, and charges. Plaintiff avers that defendants have failed and refused to inform plaintiff of the amount necessary to reinstate his loan, despite plaintiff's repeated letters and phone calls. A plaintiff seeking a temporary restraining order must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that the standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical"). In light of the Court's dismissal of plaintiff's complaint with leave to amend, the Court **DEFERS FINAL JUDGMENT** on plaintiff's pending ex parte application for a TRO; however, the Court temporarily enjoins defendants from proceeding with a non-judicial foreclosure sale on the Property, as detailed in the Conclusion (Part V) of this order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                          **'O'**

| Case No. | CV16-2265-CAS(FFMx) | Date | June 6, 2016 |
|---|---|---|---|
| Title | NATHANIEL J. FRIEDMAN V. U.S. BANK NATIONAL ASSOCIATION, ET AL. | | |

Plaintiff Nathaniel J. Friedman, who is 79-years old and has been diagnosed with end-stage renal failure, cardiac arrhythmia, and prostate cancer, has lived at the real property located at 1423 Schuyler Road, Beverly Hills, California 90210 (the "Property") for over 26 years. Compl. at ¶¶ 1-2, 14. On April 19, 2006, plaintiff obtained a $2,100,000 loan from Countrywide Home Loans, Inc., the predecessor to defendant BANA, in order to purchase the Property. Id. at ¶¶ 1-2. A Deed of Trust was entered evidencing a mortgage. Id., Ex. T. As is relevant here, the Deed of Trust provides as follows:

> Lender *may* return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender *may* accept any payment or partial payment insufficient to bring the Loan current without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, ***but Lender is not obligated to apply such payments at the time such payments are accepted***. . . . Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current.

RJN 1, Ex. 11 (emphasis added).

On July 1, 2013, plaintiff entered into a loan modification agreement with defendant BANA which provided that the new principal loan balance was $2,558,066.10. Compl. at ¶ 3, Ex. A. This agreement required monthly payments of $10,375.87 for principal and interest only, *as well additional payments to Nationstar for certain "escrow items," including property taxes and insurance premiums*. See Complaint at ¶ 5; RJN 1, Ex. 5, ¶ 6; Complaint, Ex. A. Specifically, the loan modification provided as follows:

> I shall ***pay Lender*** the Funds for Escrow Items unless Lender waives my obligation to pay the Funds for any or all Escrow Items. Lender may waive my obligation to pay Lender Funds for any or all Escrow Items at any time. Any such waiver may only be writing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | CV16-2265-CAS(FFMx) | Date | June 6, 2016 |
|---|---|---|---|
| Title | NATHANIEL J. FRIEDMAN V. U.S. BANK NATIONAL ASSOCIATION, ET AL. | | |

RJN 1, Ex. 5, at ¶ 6; Compl., Ex. A. On July 16, 2013, shortly after plaintiff entered the loan modification agreement, defendant BANA assigned the Deed of Trust to defendant Nationstar, and this assignment was later recorded on October 10, 2013. Compl. at ¶ 4; Defs.' BANA Request for Judicial Notice, Ex. A.

In the instant complaint, plaintiff alleges that he has timely made every required mortgage payment, "in the amount of $10,385.87," to Nationstar. Compl. at ¶ 9. According to plaintiff, however, he did not make the additional "escrow item" payments directly to Nationstar; rather, plaintiff allegedly made property tax payments directly to the California Tax Authority, as well as all insurance payments directly to the insurance carrier, California Fair Plan. See Compl. at ¶ 6, Ex. P-R. Plaintiff further avers that because he made the tax and insurance payments directly to the California Tax Authority and the insurance carrier, defendants Nationstar and BANA have refused to apply plaintiff's mortgage payments to the loan, and have also refused to accept some mortgage payments. Compl. at ¶ 7, Ex. S.

In the operative complaint, plaintiff acknowledges that he "may have, in a technical sense, breached the [loan modification] contract by not making payments for taxes and insurance into the [Nationstar] impound account." Compl. at ¶ 12. Nonetheless, plaintiff contends that he has timely made "all payments of any kind or nature" on the property, including his mortgage payments (to the lender), tax payments (to the California tax authority), and insurance premiums (to the insurance carrier). Compl. at ¶ 12.

On January 30, 2015, a Substitution of Trustee was recorded whereby defendant Veriprise was substituted in as the Foreclosure Trustee. Compl. at ¶ 7, Ex. M. Thereafter, Veriprise filed a Notice of Default and Election to Sell under Deed of Trust and recorded it against the Property. Id. On March 3, 2015, defendant Veriprise also filed a Notice of Sale and recorded it against the Property. Compl. at ¶ 8, Ex. U. On March 25, 2015, plaintiff filed suit against defendants in the Los Angeles County Superior Court (the "state action"). Defs. U.S. Bank, et al.'s Req. Judicial Notice (RJN) Ex. 1, Ex. 2. The first amended complaint in the state action was filed on September 1, 2015, and alleged six causes of action based upon the terms of the loan modification agreement. On January 6, 2016, defendant Nationstar's motion for summary judgment in the state action was granted in its entirety. RJN, Ex. 8. On February 24, 2016, plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                          **'O'**

| Case No. | CV16-2265-CAS(FFMx) | Date | June 6, 2016 |
|---|---|---|---|
| Title | NATHANIEL J. FRIEDMAN V. U.S. BANK NATIONAL ASSOCIATION, ET AL. | | |

filed a notice of appeal, which is still pending before the California Court of Appeal. RJN, Ex. 10.

In the instant complaint, filed on April 1, 2016, plaintiff asserts that the defendants have now accelerated the loan balance, claiming $2,671,482.07 due at the time of the Foreclosure Sale, which—at the time of the complaint's filing—was set for April 14, 2016. Compl. at ¶ 8, Ex. U. Plaintiff also asserts that defendants BANA and U.S. Bank have failed and refused to give plaintiff full credit for the monies paid for each month from July 1, 2013 onward. Compl. at ¶ 9. Plaintiff contends that defendants are in essence requiring plaintiff to "double pay the taxes and insurance" before defendants will apply plaintiff's mortgage payments, simply because the tax and insurance payments were not paid through defendant's impound account, in accordance with the requirements of the loan modification agreement, but rather paid directly to the California Tax Authority and California Fair Plan. Compl. at ¶¶ 9-10.

Plaintiff contends that he has the absolute right, pursuant to California Civil Code § 2924c, to reinstate the loan agreement as if no acceleration had been made by paying all amounts needed to cure at least five days before the date of the foreclosure sale. Compl. at ¶ 13. Plaintiff further avers that he has made multiple demands upon defendants to ascertain the amount needed to pay to cure the default, reinstate the loan, and stop the foreclosure sale, but defendants have generally refused to respond or otherwise responded in an untimely manner. Compl. at ¶¶ 13-14; 61-65; 76-78.

At the present time, following a rescheduling of the sale date, the foreclosure sale is set for Thursday, June 9, 2016.

## III.   LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Polic Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | CV16-2265-CAS(FFMx) | Date | June 6, 2016 |
|----------|---------------------|------|--------------|
| Title | NATHANIEL J. FRIEDMAN V. U.S. BANK NATIONAL ASSOCIATION, ET AL. | | |

provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      **'O'**

| Case No. | CV16-2265-CAS(FFMx) | Date | June 6, 2016 |
|---|---|---|---|
| Title | NATHANIEL J. FRIEDMAN V. U.S. BANK NATIONAL ASSOCIATION, ET AL. | | |

Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.  DISCUSSION

### A.   Nationstar and U.S. Bank's Motion to Dismiss

#### 1.   Res Judicata

In their motion to dismiss, defendant Nationstar and U.S. Bank assert that all of plaintiff's claims in this action are barred by res judicata. Defs. U.S. Bank, et al.'s Mot. Dismiss at 8; Def. BANA's Reply Supp. Mot. Dismiss at 2. However, plaintiff rightfully notes that under California law, a judgment like that obtained by defendants in the state court action "is not final for purposes of res judicata during the pendency of and until the resolution of the appeal." Agarwal v. Johnson, 25 Cal. 3d 932, 954 n.11 (1979) (citing Cal. Code Civ. Proc. § 1049).

Accordingly, plaintiff's claims in the instant suit are not barred by res judicata—indeed, defendants appear to concede as much, as they no longer argue in their reply that res judicata bars this action.

#### 2.   Plaintiff's Claim for Breach of Contract

A claim for breach of contract requires: (1) the existence of a valid contract; (2) plaintiff's performance or excuse for non-performance under the contract; (3) defendant's breach; and (4) resulting damages to the plaintiff. Oasis W. Realty, LLC v. Goldman, 250 P.3d 1115, 1121 (Cal. 2011). In the operative complaint, plaintiff alleges that he "will suffer damages by losing his home to foreclosure" as a "direct result of [defendants'] breach of contract." Compl. at ¶ 89. However, plaintiff's complaint fails to state a claim for multiple reasons.

First, as Nationstar and U.S. Bank rightly note, the operative complaint fails to specify which contract was breached, the manner in which the contract was breach, and by whom the contract was breached.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | CV16-2265-CAS(FFMx) | Date | June 6, 2016 |
|---|---|---|---|
| Title | NATHANIEL J. FRIEDMAN V. U.S. BANK NATIONAL ASSOCIATION, ET AL. | | |

Second, plaintiff himself alleges that he "may have, in a technical sense, breached the contract by not making payments for taxes and insurance into the impound account" as required by the plain language of the Loan Modification Agreement.  Compl. at ¶ 12, Ex. A.  Plaintiff's admission that he failed to make payments on the terms provided by a mortgage loan agreement constitutes non-performance and would ordinarily bar a plaintiff from prevailing on a breach of contract claim based on that loan.  See, e.g., Wise v. Wells Fargo Bank, N.A., 850 F. Supp. 2d 1047, 1056 (C.D. Cal. 2012) (Marshall, J.) (dismissing breach of contract claim where plaintiff alleged that she "performed all of her conditions on the Deed of Trust, including timely paying her mortgage to Defendants," but also admitted to having defaulted on the loan).  Here, "[b]ecause [p]laintiff failed to perform under the contract, [based upon the allegations as currently pled in the complaint,] [p]laintiff's breach of contract cause of action fails as a matter of law."  Id.  To the extent plaintiff now contends that his failure to perform is excused, the complaint fails sufficiently to plead facts supports any such contention.  Specifically, plaintiff contends in his opposition that he received waivers of his obligation under the loan modification agreement to pay defendants for "escrow items," citing to exhibits G and I of the complaint.  For purposes of the instant motion, plaintiff's argument regarding waiver or excuse is unavailing, both because plaintiff has failed sufficiently to plead facts regarding waiver in the complaint, and because the exhibits to which plaintiff cites in his opposition appear not to support his contentions regarding waiver.  See Compl. at Ex. G, I.

Finally, plaintiff's claim also fails because it appears largely to be premised upon conduct by defendants that actually *comports* with the express terms of the loan modification agreement and Deed of Trust.  For example, plaintiff alleges that defendants "took [his] mortgage payments, cashed the checks, and then placed the funds into a suspense account without giving [p]laintiff credit for the mortgage payments in the monthly sum of $10,375.87."  Compl. at ¶ 94.  However, the Deed of Trust itself appears to allow for precisely such conduct.  See RJN 1, Ex. 11. ("Lender may accept any payment or partial payment insufficient to bring the Loan current without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender *is not obligated to apply such payments at the time such payments are accepted. . . . Lender may hold such unapplied funds* until Borrower makes payment to bring the Loan current.") (emphasis added); see also RJN 1, Ex. 5 (loan modification agreement), at ¶ 6 (stating that borrow "shall **pay Lender** the Funds for Escrow Items

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | CV16-2265-CAS(FFMx) | Date | June 6, 2016 |
|----------|---------------------|------|--------------|
| Title | NATHANIEL J. FRIEDMAN V. U.S. BANK NATIONAL ASSOCIATION, ET AL. | | |

unless Lender waives [borrower's] obligation to pay the Funds for any or all Escrow Items"). "It is of course a simple matter to determine whether given conduct is within the bounds of a contract's express terms. For this it is enough that the conduct is either expressly permitted or at least not prohibited." Carma Developers (Cal.), Inc. v. Marathon Dev. California, Inc., 2 Cal. 4th 342, 373 (1992).

Accordingly, plaintiff's claim for breach of contract is **DISMISSED** without prejudice.

### 3.   Plaintiff's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiff asserts that defendants have breached the implied covenant of good faith and fair dealing. Compl. at ¶ 94. Under California law, "the factual elements necessary to establish a breach of the covenant of good faith and fair dealing are: (1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct." Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010).

Here, as explained above, plaintiff concedes that he "technical[ly]" failed to fulfill his obligations under the loan modification agreement contract by "refus[ing]" to pay the escrow items directly to defendant Nationstar, despite the express terms of the agreement. Compl. at ¶¶ 12, 32. Accordingly, by his own estimation, plaintiff has not fulfilled his obligations under the contract, and has therefore failed to state a claim for violation of the implied covenant of good faith an fair dealing. See, e.g., Mora v. US Bank, No. cv-15-2436, 2015 WL 4537218, at *4 (C.D. Cal. July 27, 2015) (Pregerson, J.) (dismissing claim for breach of the implied covenant of good faith and fair dealing where plaintiffs had "not alleged that they fulfilled their obligations under the mortgage loan contract," alleging instead that they could not make scheduled payments, declared bankruptcy to avoid foreclosure, and further stopped performing when "it was clear that they were excused from further performance by acts of discrimination against them").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | CV16-2265-CAS(FFMx) | Date | June 6, 2016 |
|----------|---------------------|------|--------------|
| Title | NATHANIEL J. FRIEDMAN V. U.S. BANK NATIONAL ASSOCIATION, ET AL. | | |

Accordingly, plaintiff's claim for breach of the implied covenant of good faith and fair dealing is **DISMISSED** without prejudice.

### 4.      Plaintiff's Accounting Claims

Plaintiff avers that he is entitled to an "accounting of the payments, fees, charges and other transactions which occurred as a result of the Notice of Default" in order to ascertain the amount of money needed to reinstate plaintiff's loan.  Compl. at ¶¶ 102-03.  To state a claim for accounting, plaintiff must allege the following: (1) a relationship or other circumstances appropriate to the remedy; and (2) a balance due from the defendant to the plaintiff that can only be ascertained by an accounting.  Brea v. McGlashan, 39 P.2d 877, 880 (Cal. 1934); see also Teselle v. McLoughlin, 173 Cal. App. 4th 156, 179-80 (2009).  Here, plaintiff has not sufficiently alleged a claim for accounting.

First, the complaint fails adequately to allege that a relationship exists between plaintiff and any defendant that might require an accounting.  Generally, a mortgagor-lender relationship alone does not suffice.  See, e.g., Saridakis v. JPMorgan Chase Bank, 14-06279, 2015 WL 570116, at *3 (C.D. Cal. Feb. 11, 2015); Williams v. Wells Fargo Bank, N.A., 13-2075, 2014 WL 1568857 at *9 (C.D. Cal. Jan. 27, 2014).  And while it is true, as plaintiff contends, that a fiduciary relationship between the parties is not required to state a claim for accounting, Teselle, 173 Cal. App. 4th at 179, in order "[t]o properly plead a relationship other than a fiduciary duty that could give rise to a claim for an accounting, [p]laintiff must allege at least that [defendant] was in control of some aspect of [p]laintiff's business for some period of time, was [p]laintiff's trusted agent, caused a loss to [p]laintiff through specific misconduct, and is now liable to [p]laintiff for the damages resulting from that misconduct."  EMC Corp. v. Sha, No. 13-CV-0118, 2013 WL 4399025, at *7 (N.D. Cal. Aug. 13, 2013) (citing Teselle, 173 Cal. App. 4th at 179-80).  As currently pled, plaintiff's complaint fails to do so.

Second, plaintiff's accounting claim fails because plaintiff's allegations fail to explain why the amount due on the loan cannot be ascertained without resort to accounting.  Teselle, 173 Cal. App. 4th at 179 (noting that a claim for "an accounting requires a showing . . . that some balance is due the plaintiff *that can only be ascertained by an accounting*") (emphasis added).  Here, plaintiff alleges that he received a reinstatement quote on March 30, 2016 which stated that $196,311.67 was owed by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | CV16-2265-CAS(FFMx) | Date | June 6, 2016 |
| Title | NATHANIEL J. FRIEDMAN V. U.S. BANK NATIONAL ASSOCIATION, ET AL. | | |

plaintiff on the loan in order to make the loan current.  Compl. at ¶¶ 81, 98 (noting that on March 30, 2016, defendants "finally gave Plaintiff the Reinstatement Quote of $196,311.67").  Accordingly, it is unclear why the total amount of payments made by plaintiff here cannot be ascertained without resort to accounting.  See Shkolnikov v. JPMorgan Chase Bank, 12-03996, 2012 WL 6553988, at *23 (N.D. Cal. Dec. 14, 2012) (dismissing plaintiffs' claim for accounting where "the total amount of payments made by Plaintiffs [could] be ascertained without resort to accounting"); Penney v. Wells Fargo Bank, NA, 11-5567, 2012 WL 2071705, at *13 (C.D. Cal. June 8, 2012) (same); c.f. Robinson v. Bank of America, 2012 WL 1932842, at *10 (N.D. Cal. May 29, 2012) (holding that asserting the defendants' failure to apply or return plaintiff's payments for his mortgage is insufficient to establish a claim for accounting).

Accordingly, because the complaint fails to allege a relationship between the parties necessary to justify accounting, and further fails to demonstrate that some balance is due to plaintiff that can only be ascertained by an accounting, plaintiff's claim for accounting is **DISMISSED** without prejudice.

## 5.    Plaintiff's Claims for Violation of California Civil Code § 2924c

California Civil Code § 2924c specifies that a trustor may have "the legal right to bring [his] account in good standing by paying all of [his] past due payments plus permitted costs and expenses within the time permitted by law."  Cal. Civ. Code § 2924c(b)(1).  In order to comply with the statute, a trustee must (1) issue a Notice of Default with the requisite statutory language; and (2) respond to requests for the amount necessary to reinstate the loan.  Cal. Civ. Code § 2924c(b)(1); see also Carson v. Bank of America NA, No. 13-15368, 611 Fed. App'x 379, 380 (9th Cir. Apr. 30, 2015).  Here, plaintiff does not allege that there was a deficiency in the Notice of Default.  Thus, his claim appears to rest upon defendants' alleged failure to respond to his requests for a Reinstatement Quote.  Compl. at ¶ 82.

Specifically, plaintiff alleges that defendants have violated California Civil Code section 2924c by "fail[ing] and refus[ing] to give [him] the required and requested Reinstatement Quote that [he] must pay in order to reinstate his loan."  Compl. at ¶ 116.  However, plaintiff's claim under section 2924c fails for at least two reasons.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                              **'O'**

| Case No. | CV16-2265-CAS(FFMx) | Date | June 6, 2016 |
|----------|---------------------|------|--------------|
| Title | NATHANIEL J. FRIEDMAN V. U.S. BANK NATIONAL ASSOCIATION, ET AL. | | |

First, defendants appear to have satisfied their duty under § 2924c. Indeed, plaintiff acknowledges that he received a Reinstatement Quote in response to his March 1, 2016 request on March 30, 2016. Compl. at ¶ 82; see also id. at ¶¶ 61, 77. While it is unclear, plaintiff appears to allege that defendants have failed to respond to his requests for a current Reinstatement Quote in a timely manner. Compl. at ¶ 82. However, plaintiff does not cite any authority suggesting that defendants must respond to plaintiff's request within a certain period of time. Moreover, defendants' response on March 30, 2016 was over two weeks before the then-scheduled foreclosure sale date of April 14, 2016. Pursuant to California Civil Code section 2924c(e), plaintiff's "[r]einstatement . . . may be made at any time within the period commencing with the date of recordation of the notice of default *until five business days prior to the date of sale* set forth in the initial recorded notice of sale." Cal. Civ. Code § 2924c(e) (emphasis added). Accordingly, plaintiff appears to have been given ample time to tender the reinstatement amount in a manner that would have fulfilled the five-business-day requirement of section 2924c(e).

Second, plaintiff fails to allege that he has tendered performance upon receiving the reinstatement quote. While the initial "burden is placed on [the beneficiary] by sections 2924 and 2924c to inform [the trustor] correctly about the amounts 'then due' on the obligations properly noticed in the notice of default and the foreclosure costs," once "[g]iven that information[, the trustor] is required to project the amount presently due and to tender that amount as a cure of the default." Anderson v. Heart Fed. Sav. & Loan Ass'n, 208 Cal. App. 3d 202, 216 (1989). "The tenderer must do and offer everything that is necessary on his part to complete the transaction . . . . [I]t is a debtor's responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect." Gaffney v. Downey Sav. & Loan Assn., 200 Cal. App. 3d 1154, 1165 (1988). Again, plaintiff does not actually allege that he sent any payment to defendants in an effort to bring his account in good standing pursuant to section 2924c, despite knowing both the total amount due (on March 30, 2016), as well as the proper mailing address of the beneficiary through the Notice of Default and Reinstatement Quotes. Compl., Ex. M, W, CC.

Accordingly, plaintiff's claim for violation of California Civil Code § 2924c is **DISMISSED** without prejudice.

**6.     Plaintiff's Claim for Money Had and Received**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                          **'O'**

| Case No. | CV16-2265-CAS(FFMx) | Date | June 6, 2016 |
| Title | NATHANIEL J. FRIEDMAN V. U.S. BANK NATIONAL ASSOCIATION, ET AL. | | |

Plaintiff avers that within the last four years, defendants "became indebted to Plaintiff in the sum of $100,000 or more, for money had and received by Defendants . . . for the use and benefit of Plaintiff." Compl. at ¶ 119. To assert a claim for money had and received, plaintiff must demonstrate: (1) that defendants received money; (2) that the money received by defendants was for plaintiff's use; and (3) that defendants are indebted to plaintiff. Fireman's Fund Ins. Co. v. Commerce & Indus. Ins. Co., No. 98-1060, 2000 WL 1721080, at *8 (N.D. Cal. Nov. 7, 2000) (citing Schultz v. Harney, 27 Cal. App. 4th 1611, 1623 (1994)).

"[M]oney had and received is a common count which, under California law, is not a specific claim but is instead a form of pleading used to aver the existence of monetary indebtedness." Mar Partners 1, LLC v. Am. Home Mortgage Servicing, Inc., 10-2906, 2011 WL 11501, at *4 (N.D. Cal. Jan. 4, 2011). Thus, the claim "does not survive if the underlying claim does not survive." Id. (citing McBride v. Boughton, 123 Cal. App. 4th 379, 394 (2004)). Therefore, plaintiff's claim for money had and received cannot survive here, as all of his other claims have been dismissed without prejudice.

Furthermore, an action for money had and received is based on the existence of a quasi-contract. See Pollak v. Staunton, 210 Cal. 656, 665 (1930). Generally, "[a]n action in quasi-contract . . . does not lie when an enforceable, binding agreement exists defining the rights of the parties." Id. (quoting Paracor Fin., Inc. v. Gen. Elec. Capital Corp., 96 F.3d 1151, 1167 (9th Cir. 1996)). While there are exceptions to this rule, they apply only when a plaintiff, for reasons independent of the contract with defendant, has a remedy in quasi-contract. See, e.g., Supervalu, Inc. v. Wexford Underwriting Managers, Inc., 175 Cal. App. 4th 64, 78-79 (2009) (citing Minor v. Baldridge, 55 P. 783 (Cal. 1898)). Here, plaintiff's claim for money had and received is based on the same facts as his claim for breach of contract. Plaintiff fails to allege facts sufficient for an independent remedy in quasi-contract. Because the complaint indicates that there is an enforceable, binding agreement that exists to define the rights of the parties, plaintiff has not stated a claim for money had and received. Mar Partners, 2011 WL 11501, at *4.

Accordingly, plaintiff's claim for money had and received is **DISMISSED** without prejudice.

**B.     BANA's Motion to Dismiss**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                    **'O'**

| Case No. | CV16-2265-CAS(FFMx) | Date | June 6, 2016 |
|---|---|---|---|
| Title | NATHANIEL J. FRIEDMAN V. U.S. BANK NATIONAL ASSOCIATION, ET AL. | | |

In its motion to dismiss, BANA contends that plaintiff's claims against it must fail because all of plaintiff's allegations pertain to events that occurred after BANA ceased to have an interest in the loan—that is, after BANA service-released plaintiff's loan and assigned the Deed of Trust on July 1, 2013. Def. BANA's Mot. Dismiss at 4. In his opposition to BANA's motion, plaintiff argues that BANA is still involved in the transaction, and its assignment "obfuscates [its] true status or role." Pl.'s Opp'n BANA 1.

However, plaintiff pleads very few facts in the complaint itself with respect to any alleged conduct by BANA. Plaintiff conclusorily asserts that BANA was "the agent and employee of each of the other Defendants," that it "wilfully conspired . . . and agreed to do all acts . . . described," and that it "authorized and ratified" all actions of defendant Nationstar. Compl. at ¶¶ 24, 25, 26. Yet plaintiff fails to allege facts sufficient to support these claims. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. Here, it is unclear from the face of the complaint what specific role, if any, BANA played with respect to the alleged facts underlying plaintiff's claims for breach of contract, breach of implied covenant of good faith and fair dealing, accounting, injunctive relief, violation of California Civil Code § 2924c, and money had and received.

Accordingly, defendant BANA is **DISMISSED** from this action without prejudice.

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS** without prejudice defendants U.S. Bank and Nationstar's motion to dismiss plaintiff's complaint in its entirety. The Court also **GRANTS** without prejudice defendant BANA's motion to dismiss plaintiff's complaint. Plaintiff is granted **fourteen (14) days** to file an amended complaint addressing the deficiencies identified herein. Failure to do so may result in dismissal with prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                           **'O'**

| Case No. | CV16-2265-CAS(FFMx) | Date | June 6, 2016 |
|---|---|---|---|
| Title | NATHANIEL J. FRIEDMAN V. U.S. BANK NATIONAL ASSOCIATION, ET AL. | | |

     In light of the court's dismissal with leave to amend, defendants and their agents, employees, representatives, successors, assigns, attorneys, and all others acting in concert or in participation with them are hereby **ENJOINED** for **thirty (30) days** from proceeding with the non-judicial foreclosure sale of the Property located at 1423 Schuyler Road, Beverly Hills, California 90210.

     IT IS SO ORDERED.

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | CL | |