UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:16-cv-02265-CAS-FFM | Date | November 14, 2016 |
|---|---|---|---|
| Title | NATHANIEL J. FRIEDMAN V. U.S. BANK NATIONAL ASSOCIATION ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Nathaniel Friedman | Blake Olson |
| | Alicia Hou |
| | William Brown |

| **Proceedings:** | DEFENDANT NATIONSTAR MORTGAGE, LLC, AND U.S. BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS (Dkt. 89, filed October 10, 2016) |
|---|---|
| | DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS (Dkt. 90, filed October 10, 2016) |

## I.    INTRODUCTION

On April 1, 2016, plaintiff Nathaniel J. Friedman filed this action against defendants U.S. Bank National Association ("U.S. Bank"); Bank of America, N.A. ("BANA"); Nationstar Mortgage, LLC ("Nationstar"); Veriprise Processing Solutions, LLC ("Veriprise"); Aztec Foreclosure Corporation ("Aztec"); and Does 1–10, inclusive. Plaintiff's complaint asserts claims for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) accounting; (4) "injunctive relief for temporary restraining order, preliminary and permanent injunction"; (5) violation of California Civil Code § 2924c; and (6) money had and received.  See Dkt. 1 ("Compl.").

On April 25, 2016, Nationstar and U.S. Bank filed a joint motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), as well as a request for judicial notice.  Dkts. 31–32.  On April 25, 2016, BANA filed a separate motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), as well as a request for judicial notice.  Dkts. 26–27.  Pursuant to a court scheduling order, plaintiff timely filed his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:16-cv-02265-CAS-FFM | Date | November 14, 2016 |
|----------|----------------------|------|-------------------|
| Title | NATHANIEL J. FRIEDMAN V. U.S. BANK NATIONAL ASSOCIATION ET AL. | | |

opposition on May 16, 2016, as well as a request for judicial notice.  Dkts. 50, 51.  On May 23, 2016, defendants filed their replies.  Dkts. 51, 52.

On May 25, 2016, plaintiff filed an ex parte application for a temproary restraining order and a preliminary injunction.  Dkt. 53.  On May 27, 2016, defendants U.S. Bank and Nationstar filed an opposition to plaintiff's ex parte application.  Dkt. 57

On June 6, 2016, the Court granted without prejudice, defendants Nationstar and U.S. Bank and BANA's motions to dismiss.  Dkt. 61.  The Court dismissed BANA from the action without prejudice.  Id.  The Court granted plaintiff 14 days to file an amended complaint.  Id.  In addition, the Court granted plaintiff's application for a temporary restraining order and enjoined defendants from proceeding with the non-judicial foreclosure sale of the property at issue for thirty days.  Id.

On June 30, 2016, plaintiff filed an ex parte application for a temporary restraining order to enjoin foreclosure and an order to show cause why a preliminary injunction should not issue.  Dkt. 65.  On July 1, 2016, the Court granted a temporary restraining order and an order to show cause.  Dkt. 68.  On July 19, Nationstar and U.S. Bank filed a joint opposition to plaintiff's application for a preliminary injunction.  Dkt. 77.  On July 21, plaintiff filed his reply.  Dkt. 79.  On July 25, 2016 the Court extended the preliminary injunction up to and including August 8, 2016.  Dkt. 82.  On August 8, 2016, the Court extended the preliminary injunction up to and including August 22, 2016.  Dkt. 83.  On August 22, 2016, the Court extended the preliminary injunction up to and including September 12, 2016, or until further order of the Court.  Dkt. 84.

On June 20, 2016, plaintiff filed his first amended complaint.  Dkt. 63 ("FAC").  Plaintiff's FAC reasserted his claims for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) and violation of California Civil Code § 2924c.  Plaintiff also raised a new claim for financial elder abuse.

On July 5, 2016, Nationstar and U.S. Bank filed a joint motion to dismiss the first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), as well as a request for judicial notice.  Dkt. 70.  On July 7, 2016, Aztec joined Nationstar and U.S. Bank's motion to dismiss.  Dkt. 73.  On July 5, 2016, BANA filed a separate motion to dismiss pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6).  Dkt. 69.  Plaintiff filed his opposition to both motions to dismiss on July 18, 2016.  Dkts. 75, 76.  On July 25, 2016, defendants filed their replies.  Dkts. 79, 80.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:16-cv-02265-CAS-FFM | Date | November 14, 2016 |
|----------|------------------------|------|-------------------|
| Title | NATHANIEL J. FRIEDMAN V. U.S. BANK NATIONAL ASSOCIATION ET AL. | | |

On September 12, 2016, the Court granted without prejudice defendants Nationstar and U.S. Bank and BANA's motions to dismiss plaintiff's FAC. Dkt. 85. The Court dismissed BANA from the action without prejudice. Id. The Court granted plaintiff 14 days to file an amended complaint but noted that plaintiff's failure to cure the deficiencies identified in the order could result in dismissal with prejudice. Id.

On September 26, 2016, plaintiff filed his second amended complaint. Dkt. 88 ("SAC"). Plaintiff's SAC reasserts his claims for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) financial elder abuse. Id. Plaintiff no longer asserts a claim for violation of California Civil Code § 2924c.

On October 10, 2016, Nationstar and U.S. Bank filed a joint motion to dismiss the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 89. On October 11, 2016, Aztec joined Nationstar and U.S. Bank's motion to dismiss. Dkt. 91. On October 10, 2016, BANA filed a separate motion to dismiss pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6). Dkt. 90. On October 20, 2016, plaintiff filed his opposition to both motions to dismiss, dkts. 92, 93, and an opposition to Aztec's joinder of Nationstar and U.S. Bank's motion, dkt. 94.[1] On October 31, 2016, defendants filed their replies. Dkts. 95, 96.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

Plaintiff Nathaniel J. Friedman, who is 80-years old and has been diagnosed with end-stage renal failure, cardiac arrhythmia, and prostate cancer. SAC ¶ 16. The real

_____

[1] Plaintiff objects to Aztec's joinder because Aztec did not meet and confer with plaintiff in accordance with Local Rule 7-3 and because the request to join included substantive arguments. Dkt. 94 at 3–4. Aztec's substantive arguments are not meaningfully different from Nationstar and U.S. Bank's contentions. Therefore, the Court permits Aztec to join Nationstar and U.S. Bank's motion to dismiss. See Maryland Cas. Co. v. Witherspoon, 993 F. Supp. 2d 1178, 1183 (C.D. Cal. 2014) (granting a motion for joinder because defendant "reiterate[d] essentially the same points raised in" a separate defendant's motion to dismiss). However, the Court admonishes Aztec to comply with the Local Rules.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL       'O'

| Case No. | 2:16-cv-02265-CAS-FFM | Date | November 14, 2016 |
|---|---|---|---|
| Title | NATHANIEL J. FRIEDMAN V. U.S. BANK NATIONAL ASSOCIATION ET AL. | | |

property located at 1423 Schuyler Road, Beverly Hills, California 90210 (the "Property") has been plaintiff's primary residence for over 26 years. Id. On April 19, 2006, plaintiff obtained a $2,100,000 loan from Countrywide Home Loans, Inc., the predecessor to defendant BANA, in order to purchase the Property. Id. ¶ 17. A Deed of Trust was recorded evidencing a mortgage. Id. As is relevant here, the Deed of Trust provides as follows:

> Lender *may* return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender *may* accept any payment or partial payment insufficient to bring the Loan current without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, *but Lender is not obligated to apply such payments at the time such payments are accepted*. . . . Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current.

SAC, Ex. A (emphasis added).

On July 1, 2013, plaintiff entered into a loan modification agreement ("LMA") with defendant BANA which provided that the new principal loan balance was $2,558,066.10. SAC ¶ 18 & Ex. B. This agreement required monthly payments of $10,375.87 for principal and interest only, *as well additional payments to Nationstar for certain "escrow items," including property taxes and insurance premiums.* See SAC ¶ 22 & Ex. B. Specifically, the loan modification provided as follows:

> I shall *pay Lender* the Funds for Escrow Items unless Lender waives my obligation to pay the Funds for any or all Escrow Items. Lender may waive my obligation to pay Lender Funds for any or all Escrow Items at any time. Any such waiver may only be writing.

SAC, Ex. B. On July 16, 2013, shortly after plaintiff entered the LMA, defendant BANA assigned the Deed of Trust to defendant Nationstar, and this assignment was later recorded on October 10, 2013. SAC ¶ 20; Dkt 27-2, BANA Request for Judicial Notice, Ex. A. On July 22, 2013, plaintiff received a letter from Nationstar, dated July 12, 2013, stating that BANA had transferred to Nationstar the servicing of the loan. SAC ¶ 21. Plaintiff alleges for the first time in the SAC that he is "uncertain as to the true nature and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES – GENERAL | | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-02265-CAS-FFM | Date | November 14, 2016 |
| Title | NATHANIEL J. FRIEDMAN V. U.S. BANK NATIONAL ASSOCIATION ET AL. | | |

extent of the two assignments (i.e., to U.S. Bank and to Nationstar), and is unable to ascertain the true roles and capacities of the various Defendants herein." Id.

In the operative complaint, plaintiff alleges that he has timely made every required mortgage payment to Nationstar. SAC ¶¶ 23, 38, 44. According to plaintiff, however, he did not make the additional "escrow item" payments directly to Nationstar; rather, plaintiff allegedly made property tax payments directly to the tax authority, as well as all insurance payments directly to the insurance carrier. See id. ¶ 44.

On January 30, 2015, a Substitution of Trustee was recorded whereby defendant Veriprise was substituted in as the Foreclosure Trustee. Id. ¶ 74. Thereafter, Veriprise filed a Notice of Default and Election to Sell under Deed of Trust and recorded it against the Property. Id. & SAC Ex. G. On March 3, 2015, defendant Veriprise also filed a Notice of Sale and recorded it against the Property. Id. ¶ 79 & Ex. I. On March 25, 2015, plaintiff filed suit against defendants in the Los Angeles County Superior Court (the "state action"). Dkt. 32-1, U.S. Bank, et al.'s Req. Judicial Notice (RJN) Ex. 1, Ex. 2. The first amended complaint in the state action was filed on September 1, 2015, and alleged six causes of action based upon the terms of the LMA. On January 6, 2016, defendant Nationstar's motion for summary judgment in the state action was granted in its entirety. RJN, Ex. 8. On February 24, 2016, plaintiff filed a notice of appeal, which is still pending before the California Court of Appeal. RJN, Ex. 10.

The present motion arises from the following events. Plaintiff filed his original complaint after receiving a final correspondence, dated March 26, 2015, from Nationstar, in which Nationstar declined to cancel foreclosure proceedings and stated that it would not waive the requirement that plaintiff pay taxes and insurance payments into an escrow account. RJN, Exhibit 5, ¶ 16. During the course of the parties' litigation, the Court granted plaintiff temporary relief, and repeated extended that relief, delaying foreclosure on the Property. Plaintiff assured the Court that he would cure the default and he has done so. The loan has been reinstated and defendants are no longer pursuing foreclosure. The present motion arises because plaintiff continues to seek relief for defendants' alleged breach of contract, breach of the implied covenant of good faith and fair dealing, and elder abuse.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL            'O'

| Case No. | 2:16-cv-02265-CAS-FFM | Date | November 14, 2016 |
|---|---|---|---|
| Title | NATHANIEL J. FRIEDMAN V. U.S. BANK NATIONAL ASSOCIATION ET AL. | | |

## III.   LEGAL STANDARDS

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'"  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Polic Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:16-cv-02265-CAS-FFM | Date | November 14, 2016 |
|----------|------------------------|------|-------------------|
| Title | NATHANIEL J. FRIEDMAN V. U.S. BANK NATIONAL ASSOCIATION ET AL. | | |

that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

Federal Rule of Civil Procedure 8(a) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In order to meet this standard, a claim for relief must be stated with "brevity, conciseness, and clarity." See Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1215 (3d ed.).  "The Plaintiff must allege with at least some degree of particularity overt acts which Defendants engaged in that support the Plaintiff's claim." Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir.1984).  The purpose of Rule 8(a) is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

IV.    DISCUSSION

A.    Nationstar and U.S. Bank's Motion to Dismiss

1.    Plaintiff's Claim for Breach of Contract

A claim for breach of contract requires: (1) the existence of a valid contract; (2) plaintiff's performance or excuse for non-performance under the contract; (3) defendant's breach; and (4) resulting damages to the plaintiff.  Oasis W. Realty, LLC v. Goldman, 250 P.3d 1115, 1121 (Cal. 2011).

In his original complaint, plaintiff alleged that he "may have, in a technical sense, breached the contract by not making payments for taxes and insurance into the impound account" as required by the plain language of the LMA.  Compl. ¶ 12.  While plaintiff does not include this statement in his SAC, plaintiff does admit that he did not perform

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:16-cv-02265-CAS-FFM | Date | November 14, 2016 |
|---|---|---|---|
| Title | NATHANIEL J. FRIEDMAN V. U.S. BANK NATIONAL ASSOCIATION ET AL. | | |

under the contract, acknowledging that he paid his property taxes and insurance premiums (the "escrow items") directly to the tax authority and insurance company. SAC ¶ 44. Plaintiff's admission that he failed to make payments on the terms provided by a mortgage loan agreement constitutes non-performance and would ordinarily bar a plaintiff from prevailing on a breach of contract claim based on that loan. See, e.g., Wise v. Wells Fargo Bank, N.A., 850 F. Supp. 2d 1047, 1056 (C.D. Cal. 2012) (Marshall, J.) (dismissing breach of contract claim where plaintiff alleged that she "performed all of her conditions on the Deed of Trust, including timely paying her mortgage to Defendants," but also admitted to having defaulted on the loan).

In his complaint, plaintiff appears to argue that his failure to perform is excused because plaintiff was entitled to a waiver of the escrow account under California Civil Code § 2954(a)(1). SAC ¶ 45 ("although Plaintiff was entitled to a waiver pursuant to Civil Code, § 2954(a)(I), Defendant denied Plaintiff's multiple requests for a waiver of the escrow account"). Plaintiff reiterated this contention at oral argument. Section 2954(a)(1) provides in relevant part:

> No impound, trust, or other type of account for payment of taxes on the property, insurance premiums, or other purposes relating to the property shall be required as a condition of a real property sale contract or a loan secured by a deed of trust or mortgage on real property containing only a single-family, owner-occupied dwelling, except: . . . (G) *where a loan is refinanced or modified* in connection with a lender's homeownership preservation program or a lender's participation in such a program sponsored by a federal, state, or local government authority or a nonprofit organization.

Cal. Civ. Code § 2954(a)(1) (emphasis added). As Nationstar and U.S. Bank correctly note—and plaintiff does not dispute—plaintiff modified his home loan pursuant to the July 1, 2013 modification agreement. Dkt. 89 at 9–10; see RJN, Ex. 5. The loan modification agreement states:

> I am experiencing a financial hardship, and as a result, (1) I am in default under the Loan Documents or my default is imminent, and (2) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:16-cv-02265-CAS-FFM | Date | November 14, 2016 |
|----------|------------------------|------|-------------------|
| Title | NATHANIEL J. FRIEDMAN V. U.S. BANK NATIONAL ASSOCIATION ET AL. | | |

RJN, Ex. 5.  The agreement thus suggests, though it does not explicitly state, that LMA was entered into pursuant to a program intended to permit plaintiff to remain in his home. Accordingly, the requirement that plaintiff pay into an escrow account was not improper and plaintiff was not entitled to a waiver of the escrow account.  Therefore, Section 2954(a)(1) does not excuse plaintiff's non-performance under the contract.[2]

Plaintiff argues for the first time in the SAC that he "substantially performed" under the LMA and that his failure to pay the escrow items to Nationstar "was a nonmaterial breach" of the LMA.  SAC ¶¶ 46–49.  As a result, plaintiff argues that he "is entitled to maintain a claim for breach of contract against Defendants Nationstar."  Id. ¶ 49.  Plaintiff's conclusory legal argument that his breach was not material is "not sufficient to defeat a motion to dismiss."  See Pareto, 139 F.3d at 699.  Moreover, the materiality of plaintiff's breach under the contract does not influence whether plaintiff has properly pleaded performance under the contract excuse for non-performance. See Oasis W. Realty, 250 P.3d at 1121.  Plaintiff has not alleged facts showing that his failure to perform under the contract was excused.  Here, "[b]ecause [p]laintiff failed to perform under the contract, [p]laintiff's breach of contract cause of action fails as a matter of law."  Wise, 850 F. Supp. 2d at 1056; Rose v. J.P. Morgan Chase, N.A., No. 2:12-cv-225-WBS, 2014 WL 546584, at *6 (E.D. Cal. Feb. 11, 2014) ("Failure to make payments on the terms required by a mortgage loan constitutes non-performance and ordinarily bars a

---

[2]     The Court notes that plaintiff himself argues that he did not seek a waiver of his escrow obligations pursuant to Section 2954(a)(1). In his opposition to Nationstar and U.S. Bank's motion to dismiss, plaintiff asserts:

> Consideration of the Second Amended Complaint as a whole clearly demonstrates that Plaintiff's claims of breach of contract and breach of implied covenant of good faith and fair dealing *are not based on Section 2954(a)(1)*, but on Defendants' wrongful foreclosure on the basis of a nonmaterial breach of the LMA.  Accordingly, the allegation that Plaintiff was entitled to a waiver pursuant to Civil Code, § 2954(a)(1) *is not the basis of* these claims, which are factually and legally sufficient without regard to Section 2954(a)(1).

Dkt. 92 at 9 (emphases added).  Accordingly, plaintiff is not entitled to rely on Section 2954(a)(1) as the basis for a waiver of his escrow obligations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-02265-CAS-FFM | Date | November 14, 2016 |
| Title | NATHANIEL J. FRIEDMAN V. U.S. BANK NATIONAL ASSOCIATION ET AL. | | |

plaintiff from prevailing on a breach of contract claim based on that loan.") (citing <u>Wise</u>, 850 F. Supp. 2d at 1056); <u>Barsoumian v. Aurora Loan Servs., LLC</u>, No. 2:12-cv-4368-PA-AGR, 2012 WL 6012984, at *4 (C.D. Cal. Dec. 3, 2012) ("Plaintiff has failed to plead that performed his obligations under that contract. Accordingly, Plaintiff's claim for breach of contract is dismissed with prejudice.").

Because the Court finds that leave to amend would be futile, plaintiff's claim for breach of contract is **DISMISSED with prejudice**.

### 2. Plaintiff's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiff asserts that defendants have breached the implied covenant of good faith and fair dealing. SAC ¶ 59. Under California law, "the factual elements necessary to establish a breach of the covenant of good faith and fair dealing are: (1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct." <u>Rosenfeld v. JPMorgan Chase Bank, N.A.</u>, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010).

Here, as explained above, plaintiff concedes that he failed to fulfill his obligations under the LMA by failing to pay the escrow items directly to defendant Nationstar, despite the express terms of the agreement. SAC ¶ 44; Dkt. 92 at 5. As the Court has already held, by his own estimation, plaintiff has not fulfilled his obligations under the contract, and has therefore failed to state a claim for violation of the implied covenant of good faith and fair dealing. <u>See, e.g., Mora v. US Bank</u>, No. cv-15-2436, 2015 WL 4537218, at *4 (C.D. Cal. July 27, 2015) (Pregerson, J.) (dismissing claim for breach of the implied covenant of good faith and fair dealing where plaintiffs had "not alleged that they fulfilled their obligations under the mortgage loan contract," alleging instead that they could not make scheduled payments, declared bankruptcy to avoid foreclosure, and further stopped performing when "it was clear that they were excused from further performance by acts of discrimination against them").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES – GENERAL | | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-02265-CAS-FFM | Date | November 14, 2016 |
| Title | NATHANIEL J. FRIEDMAN V. U.S. BANK NATIONAL ASSOCIATION ET AL. | | |

Because the Court finds that leave to amend would be futile, plaintiff's claim for breach of the implied covenant of good faith and fair dealing is **DISMISSED with prejudice**.

### 3.    Plaintiff's Claim for Financial Elder Abuse

Plaintiff alleges that defendants' "wrongful and unwarranted actions in attempting to divest Plaintiff of his home" constitute financial elder abuse.  SAC ¶ 65.  "'Financial abuse' of an elder or dependent adult occurs when a person or entity . . . : (1) [t]akes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both"; (2) assists in such conduct; or (3) "[t]akes, secretes, appropriates, obtains, or retains, or assists in taking, secreting, appropriating, obtaining, or retaining, real or personal property of an elder or dependent adult by undue influence."  Cal. Welf. & Inst. Code § 15610.30(a).  A taking is "wrongful" if "the person or entity knew or should have known that this conduct is likely to be harmful to the elder or dependent adult."  Id. § 15610.30(b).  Plaintiff's property has not yet been sold at foreclosure and plaintiff does not allege that any real or personal property has been taken from him.  Indeed, plaintiff has cured his default and the loan has been reinstated.  As a result, plaintiff has failed to state a claim for elder abuse.  See Kouretas v. Nationstar Mortgage Holdings, Inc., No. 2:13-cv-02632-MCE-KJ, 2014 WL 4109623, at *4 (E.D. Cal. Aug. 19, 2014) (dismissing plaintiff's claim for financial elder abuse in a foreclosure case because plaintiff failed to allege that his property had been sold).

Because the Court finds that leave to amend would be futile, plaintiff's claim for financial elder abuse is **DISMISSED with prejudice**.

### B.    BANA's Motion to Dismiss

In its motion to dismiss, BANA contends that plaintiff's claims against it must fail because all of plaintiff's allegations pertain to events that occurred after BANA ceased to have an interest in the loan—that is, after BANA service-released plaintiff's loan and assigned the Deed of Trust on July 1, 2013.  Dkt. 90 at 6–7.  In his opposition to BANA's motion, plaintiff argues that BANA should not be dismissed because, inter alia, plaintiff "is unable to ascertain the true roles and capacities" of the defendants and is therefore "entitled to discovery[.]"  Dkt. 93 at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:16-cv-02265-CAS-FFM | Date | November 14, 2016 |
|----------|----------------------|------|-------------------|
| Title | NATHANIEL J. FRIEDMAN V. U.S. BANK NATIONAL ASSOCIATION ET AL. | | |

However, plaintiff's amended complaint does not cure the defects that the Court identified in its September 12, 2016 order granting BANA's motion to dismiss.  Plaintiff pleads very few facts in the amended complaint with respect to any alleged conduct by BANA.  With respect to each claim for relief, plaintiff conclusorily asserts: "to the extent that Nationstar was servicing the LMA on behalf of BANA, as indicated in Nationstar's July 12, 2013 letter to Plaintiff (Exhibit E), BANA is liable for the conduct of its agent." SAC ¶¶ 50, 60, 72, 84.  Yet plaintiff fails to allege facts sufficient to support his claim that Nationstar was BANA's agent.  Under California law, an agent is defined as "one who represents another, called the principal, in dealings with third persons."  Cal. Civ. Code § 2295.  "In determining if an agent relationship exists, the court considers three essential characteristics: (1) an agent or apparent agent holds a power to alter the legal relationships between the principal and third persons and between the principal and himself; (2) an agent is a fiduciary with respect to matters within the scope of the agency; and (3) a principal had the right to control the conduct of the agent with respect to matters entrusted to him." Grober v. Mako Productions, Inc., No. 2:04-cv-08604-SGL-OP, 2008 WL 9027249, *6 (C.D. Cal. Aug. 29, 2008) (citing Garlock Sealing Techs., LLC v. NAK Sealing Techs. Corp., 148 Cal. App. 4th 937, 945 (2007)); Palomares v. Bear Sterns Residential Mortg. Corp., No. 3:07-cv-1899-WQH-BLM, 2008 WL 686683, *4 (S.D. Cal. Mar. 13, 2008).  Plaintiff does not allege any facts demonstrating an agency relationship.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.  Here, it is unclear from the face of the amended complaint what specific role, if any, BANA played with respect to the alleged facts underlying plaintiff's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and elder abuse. "Because [plaintiff's] complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise." Iqbal, 556 U.S. at 686 (2009).

Because the Court finds that leave to amend would be futile, defendant BANA is **DISMISSED** from this action **with prejudice**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:16-cv-02265-CAS-FFM | Date | November 14, 2016 |
|---|---|---|---|
| Title | NATHANIEL J. FRIEDMAN V. U.S. BANK NATIONAL ASSOCIATION ET AL. | | |

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS with prejudice** defendants U.S. Bank and Nationstar's motion to dismiss plaintiff's complaint in its entirety.  The Court also **GRANTS with prejudice** defendant BANA's motion to dismiss plaintiff's complaint.

IT IS SO ORDERED.

|  | 00 | : | 08 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |