**AKERMAN LLP**
KAREN PALLADINO CICCONE (SBN 143432)
Email: karen.ciccone@akerman.com
PARISA JASSIM (SBN 273915)
Email: parisa.jassim@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Attorneys for Defendant
VERIPRISE PROCESSING SOLUTIONS, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL J. FRIEDMAN, an individual<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION; BANK OF AMERICA, N.A.; NATIONSTAR MORTGAGE, LLC, a Delaware Limited Liability Company; VERIPRISE PROCESSING SOLUTIONS, LLC, a Delaware Limited Liability Company; AZTEC FORECLOSURE CORPORATION; and DOES 1 through 10, inclusive<br><br>Defendants. | Case No. 2:16-cv-02265-CAS-FFM<br><br>*(Assigned to Hon. Christina A. Snyder)*<br><br>**NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT (FRCP 55(C))**<br><br>Documents Concurrently Filed:<br>1. Declaration of Parisa Jassim in Support of Motion<br>2. [Proposed] Order<br><br>Date: January 9, 2017<br>Time: 10:00 a.m.<br>Ctrm: 8D<br><br>Complaint filed: April 1, 2016<br>FAC filed: June 20, 2016<br>SAC filed: September 26, 2016<br>Trial: None |

{40157857;1}` CASE NO. 2:16-CV-02265-CAS-FFM
**NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT**

**TO PLAINTIFF AND TO HIS ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that on January 9, 2017 at 10:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at Courtroom 8D, 350 W. 1st Street, Los Angeles, California 90012, defendant Veriprise Processing Solutions, LLC (**Veriprise** or **defendant**) will and hereby does move the Court pursuant to Rule 55(c) of the *Federal Rules of Civil Procedure* to set aside default entered by the Clerk on November 17, 2016.

The motion is brought on the following grounds: good cause relating to attorney mistake, inadvertence, surprise and excusable neglect where counsel mistakenly believed Veriprise was retaining separate counsel when in fact the undersigned was retained to represent it.

This motion is based on the Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the declaration of Parisa Jassim, Esq., and upon such other matters as may be presented to the Court at the time of the hearing.

Dated: December 5, 2016

**AKERMAN LLP**

By: */s/ Parisa Jassim*
Karen Palladino Ciccone
Parisa Jassim
Attorneys for Defendants
NATIONSTAR MORTGAGE, LLC;
U.S. BANK, NATIONAL ASSOCIATION, SUCCESSOR TRUSTEE TO BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO LASALLE BANK, N.A., AS TRUSTEE TO THE HOLDERS OF THE ZUNI MORTGAGE LOAN TRUST 2006-OA1, MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2006-OA1 and VERIPRISE PROCESSING SOLUTIONS, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On November 15, 2016, plaintiff Nathaniel J. Friedman (**plaintiff**) filed a request for entry of default against defendant Veriprise Processing Solutions, LLC (**Veriprise** or **defendant**) for Veriprise's non-appearance in this action. The Court entered default on November 17, 2016. There is good cause to set aside the default.

Defendants Nationstar Mortgage LLC (**Nationstar**) and U.S. Bank, National Association, Successor Trustee to Bank of America, N.A., Successor by Merger to LaSalle Bank, N.A., as Trustee to the Holders of the Zuni Mortgage Loan Trust 2006-OA1, Mortgage Loan Pass-Through Certificates, Series 2006-OA1 erroneously sued as U.S. Bank National Association (**U.S. Bank**) retained Akerman LLP upon the filing of this lawsuit. Akerman LLP mistakenly believed Veriprise would retain its own counsel and made appearances, including all of the motions to dismiss, on behalf of Nationstar and U.S. Bank only. The Court granted Nationstar and U.S. Bank's motion to dismiss plaintiff's second amended complaint (**SAC**) with prejudice on November 15, 2016. Also on November 15, 2016, the Court issued a separate order noting Veriprise's non-appearance in the lawsuit and held it would accept either (1) an answer filed by Veriprise by November 29 or (2) a request for entry of default filed also by November 29. On the same day the Court issued its order, plaintiff filed a request for entry of default which prevented Veriprise from answering. It was not until after the clerk's entry of default when Veriprise contacted Akerman LLP to clarify it should have made appearances on behalf of Veriprise as well.

Veriprise wishes to expeditiously defend against this action, yet the default stands in its way. Plaintiff will not suffer any prejudice particularly in light of the fact that this Court has already held the SAC fails as a matter of law. Veriprise was simply one of the past trustees under the operative deed of trust and played no more significant a role than the other principal defendants who have already been dismissed with prejudice. Veriprise respectfully requests this Court set aside the default and grant

leave for it to file a motion to dismiss plaintiff's SAC, a proposed draft of which is attached hereto as Exhibit A.

## II. LEGAL STANDARD

A defendant seeking to set aside a default judgment normally must demonstrate "mistake, inadvertence, or excusable neglect." (FRCP 60(b)(1).) Although a defendant seeking relief from mere entry of default need only show "good cause" (FRCP 55(c)), these same factors are generally considered in determining "good cause." S*ims v. EGA Products, Inc.* (7th Cir. 2007) 475 F.3d 865, 868; *Waifersong, Ltd. v. Classic Music Vending* (6th Cir. 1992) 976 F.2d 290, 292. Where, as here, "timely relief is sought from a [Rule 55(a)] default… and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside default so that cases may be decided on the merits." *O'Conner v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994) (*quoting with internal quotations and brackets omitted Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

## III. ARGUMENT

### A. Good Cause Exists to Set Aside the Default

Veriprise's delay in responding to plaintiff's SAC was entirely an oversight and mistaken belief by Akerman LLP that Veriprise was retaining separate counsel apart from Nationstar and U.S. Bank. (Declaration of Parisa Jassim (Jassim Decl. ¶ 2.) For its part, Veriprise, due to an unfortunate miscommunication, assumed it was already represented by Akerman LLP and was party to the previously filed motions to dismiss. (Jassim Decl. ¶ 7.)

### B. Adjudication on the Merits is Favored

The strong policy of the law favors promoting adjudication of disputes on their merits. *In re Hammer* (9th Cir. 1991) 940 F.d 524, 525. Where defendant seeks timely relief from the default judgment and has a meritorious defense, doubts should be resolved in favor of granting the motion to set aside the judgment. (*Id.*)

The Court is empowered to relieve a party of an entry of default for good cause

1  or set aside a default judgment for various reasons, including "mistake, inadvertence,
2  surprise or excusable neglect." FRCP Rules 55(c) and 60(b). Thus, the Court has broad
3  discretion to vacate a default judgment and/or the clerk's entry of default that preceded
4  it. *In re Hammer*, supra, 940 F.2d at 525. Here, Veriprise has demonstrated good
5  cause as the delay in responding to the SAC was due to an oversight and mistake by its
6  counsel regarding representation of Veriprise. The Court should vacate the default
7  against Veriprise and allow it to respond to plaintiff's SAC on the merits.

### C. Plaintiff Will Suffer No Prejudice if the Court Sets Aside the Default

Public policy disfavors defaults where no prejudice is shown by the opposing party. "There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case." Lacy v. Sitel Corp. (5th Cir. 2000) 227 F.3d 290, 293; *see also TCI Group Life Ins. Plan v. Knoebber* (9th Cir. 2001) 244 F.3d 691, 701.

Plaintiff will not be prejudiced by setting aside the default in this case for three reasons. *First*, Veriprise is merely a past foreclosure trustee under the operative deed of trust and has no monetary status. *Second*, the Court has already held that the SAC lacks merit as a matter of law and has dismissed Veriprise's principals, Nationstar and U.S. Bank. *Third*, to the extent any of the relief demanded in his SAC is available to him, the delay occasioned by the extension of time to respond will not affect any such entitlement—plaintiff's SAC relates to certain real property, his mortgage loan on that property, and his default under the terms of that loan. All relief to which plaintiff might possibly be entitled is as available now as it was when he filed his SAC.

/ / /

/ / /

## IV. CONCLUSION

The default in this case should be set aside pursuant to FRCP 55(c) and FRCP 60(b). Based on the foregoing, and the Court's inherent powers, Veriprise respectfully requests this Court set aside the entry of default and permit Veriprise file its motion to dismiss and allow this matter to be adjudicated on the merits.

Dated: December 5, 2016          **AKERMAN LLP**

By: /s/_____
    Karen Palladino Ciccone
    Parisa Jassim
Attorneys for Defendants
NATIONSTAR MORTGAGE, LLC;
U.S. BANK, NATIONAL
ASSOCIATION, SUCCESSOR
TRUSTEE TO BANK OF AMERICA,
N.A., SUCCESSOR BY MERGER TO
LASALLE BANK, N.A., AS TRUSTEE
TO THE HOLDERS OF THE ZUNI
MORTGAGE LOAN TRUST 2006-OA1,
MORTGAGE LOAN PASS-THROUGH
CERTIFICATES, SERIES 2006-OA1 and
VERIPRISE PROCESSING
SOLUTIONS, LLC

# PROOF OF SERVICE

I am employed in the City and County of Los Angeles, California. I am over the age of 18 and not a party to the within action. My business address is 725 South Figueroa Street, 38th Floor, Los Angeles, California 90017.

On **December 5, 2016**, I served the following documents

**NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT (FRCP 55(C))**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| **VIA OVERNIGHT MAIL** | **VIA ECF SERVICE** |
|---|---|
| Nathaniel J. Friedman, Esq.<br>NATHANIEL J. FRIEDMAN, APC<br>8500 Wilshire Blvd., Ste. 910<br>Beverly Hills, California 90211-3227<br>Telephone: (310) 277-2889<br>Facsimile: (310) 277-2136<br><br>*Attorney for Plaintiff*<br>*NATHANIEL J. FRIEDMAN* | Laura Coombe, Esq.<br>McGUIRE WOODS, LLP<br>1800 Century Park East, 8th Floor<br>Los Angeles, California 90067-1501<br>Telephone: (310) 315-8200<br>Facsimile: (310) 315-8210<br>Email: lcoombe@mcguirewoods.com<br><br>*Attorneys for Defendant*<br>*BANK OF AMERICA, N.A.* |

**VIA ECF SERVICE**

Darlene Palaganas Hernandez, Esq.
SHAPIRO, VAN ESS, SHERMAN & MARTH, LLP
949 South Coast Drive, Suite 475
Costa Mesa, California 92626
Telephone: (877) 257-0717
Facsimile: (847) 879-4836
Email: dhernandez@logs.com

*Attorneys for Defendant*
*AZTEC FORECLOSURE CORPORATION*

☒ (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express , an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

☒ (CM/ECF ELECTRONIC FILING) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on December 5, 2016, at Los Angeles, California.

_____Helen E. Serrano_____  _____(Signature)_____
(Type or print name)