# EXHIBIT A

1    **AKERMAN LLP**
     KAREN P. CICCONE (SBN 143432)
2    email:  karen.ciccone@akerman.com
     PARISA JASSIM (SBN 273915)
3    email:  parisa.jassim@akerman.com
     725 South Figueroa Street, 38th Floor
4    Los Angeles, California 90017-5433
     Telephone:   (213) 688-9500
5    Facsimile:   (213) 627-6342

6    Attorneys for Defendants
     NATIONSTAR MORTGAGE, LLC; U.S. BANK, NATIONAL
7    ASSOCIATION, SUCCESSOR TRUSTEE TO BANK OF
     AMERICA, N.A., SUCCESSOR BY MERGER TO LASALLE
8    BANK, N.A., AS TRUSTEE TO THE HOLDERS OF THE
     ZUNI MORTGAGE LOAN TRUST 2006-OA1, MORTGAGE LOAN
9    PASS-THROUGH CERTIFICATES, SERIES 2006-OA1 *erroneously*
     *sued as* U.S. BANK NATIONAL ASSOCIATION and
10   VERIPRISE PROCESSING SOLUTIONS, LLC

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13

14   NATHANIEL J. FRIEDMAN,                    Case No. 2:16-cv-02265-CAS-FFM

15                                             *(Hon. Christina A. Snyder)*
                    Plaintiff,
16                                             **NOTICE OF MOTION AND
     v.                                        MOTION TO DISMISS SECOND
17                                             AMENDED COMPLAINT;
                                               MEMORANDUM OF POINTS AND
18   U.S. BANK NATIONAL                        AUTHORITIES IN SUPPORT;
     ASSOCIATION; BANK OF AMERICA,             [PROPOSED] ORDER**
19   N.A.; NATIONSTAR MORTGAGE,
     LLC, a Delaware Limited Liability         Date:        January 9, 2017
20   Company; VERIPRISE PROCESSING             Time:        10:00 a.m.
     SOLUTIONS, LLC, a Delaware Limited        Courtroom:  8D
21   Liability Company; AZTEC
     FORECLOSURE CORPORATION; and              **Documents Filed April 25, 2016:**
22   DOES 1 through 10, inclusive,             1.  Request  for  Judicial  Notice  &
                                                   Exhibits
23
                    Defendants.                Complaint filed:   April 1, 2016
24                                             FAC filed:         June 20, 2016
                                               SAC filed:         September 26, 2016
25                                             Trial:             None

26

27

28

*(left margin, vertical text)* **AKERMAN LLP**   725 S. FIGUEROA STREET, SUITE 3800   LOS ANGELES, CALIFORNIA 90017   TEL.: (213) 688-9500 – FAX: (213) 627-6342

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** on January 9, 2017 at 10:00 a.m. or as soon thereafter as may be heard, in Courtroom 8D of the Honorable Christina A. Snyder, of the above-entitled Court located at 350 W. 1st Street, Los Angeles, California 90012, defendant Veriprise Processing Solutions, LLC (**Veriprise** or **defendant**) will and hereby does move this Court to dismiss plaintiff Nathaniel J. Friedman's (**plaintiff**) second amended complaint (**SAC**) with prejudice.

This motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) and is based on the grounds the SAC fails to state a claim upon which relief may be granted.

This motion is based upon this notice, the attached memorandum of points and authorities, all papers and documents on file herein, the Court's files concerning this action, together with those facts and documents of which defendant requests judicial notice or matters for which judicial notice is proper, as well as any oral argument that may be presented at the time of the hearing.

This motion is made following defendant's efforts at a good faith conferral with pro-se plaintiff Nathaniel J. Friedman, Esq. pursuant to L.R. 7-3, as set forth in the Declaration of Parisa Jassim, filed simultaneously herewith.  Ms. Jassim attempted to

/ / /

/ / /

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    meet and confer with Mr. Friedman on the morning of [DATE], regarding the merits of

2    the SAC.

3    Dated: December 5, 2016                    Respectfully submitted,

4                                              **AKERMAN LLP**

5                                              By: */s/ Parisa Jassim*

6                                                   Karen P. Ciccone
                                                   Parisa Jassim
7    Attorneys for Defendants
     NATIONSTAR MORTGAGE LLC; U.S.
8    BANK, NATIONAL ASSOCIATION,
     SUCCESSOR TRUSTEE TO BANK OF
9    AMERICA, N.A., SUCCESSOR BY
     MERGER TO LASALLE BANK, N.A.,
10   AS TRUSTEE TO THE HOLDERS OF
     THE ZUNI MORTGAGE LOAN TRUST
11   2006-OA1, MORTGAGE LOAN PASS-
     THROUGH CERTIFICATES, SERIES
12   2006-OA1 and VERIPRISE
     PROCESSING SOLUTIONS, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

# TABLE OF CONTENTS

**I.** INTRODUCTION ........................................................................................... 1

**II.** STATEMENT OF RELEVANT FACTS ...................................................... 2

    A.   The State Court Action and Appeal ............................................. 2

    B.   The Parties and Subject Loan ...................................................... 3

    C.   The Loan Modification and Service Release to Nationstar ........ 4

    D.   Plaintiff's Requests for Waiver of the Escrow Account ............. 5

    E.   Nationstar's Recorded Notice of Default and Notice of Sale ..... 7

    F.   Plaintiff's Reinstatement ............................................................. 7

**III.** LEGAL STANDARD ................................................................................... 8

**IV.** ARGUMENT ................................................................................................ 8

    A.   Plaintiff's Claim for Financial Elder Abuse Fails as a Matter of Law .. 8

**V.** CONCLUSION ............................................................................................. 9

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Balistreri v. Pacifica Police Dept.,*
   901 F.2d 696 (9th Cir. 1990) ..................................................................... 8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................... 8

*Carpenter v. Bank of America, N.A.*
   (S.D. Cal. 2013) 2013 WL 28772 ............................................................. 8

*Livid Holdings, Ltd. v. Solomon Smith Barney, Inc.*,
   416 F.3d 940 (9th Cir. 2005) ..................................................................... 8

*Porter v. Jones*,
   319 F.3d 483 (9th Cir. 2003) ..................................................................... 8

*Stebley v. Litton Loan Servicing, LLP*
   (2011) 202 Cal.App.4th 522 ..................................................................... 8

**Statutes**

California Welfare and Institutions Code section 15610.30, subdivision (a) ................ 8

Elder Abuse Act ............................................................................................ 8

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ......................................................... 8

Rule 8(a)(2) ................................................................................................... 8

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's second amended complaint (**SAC**) is plaintiff's third attempt at establishing a viable claim against defendant in what is now his second lawsuit[1] based on the same undisputed and judicially noticed facts.  Veriprise filed a declaration of non-monetary status in the prior state court action on October 5, 2015.  (Request for Judicial Notice (**RJN**), Exhibit 1.)[2]  Plaintiff did not object.

As recognized by this Court in its prior orders on co-defendants Nationstar Mortgage LLC (Nationstar) and U.S. Bank's motions to dismiss plaintiff's original complaint, first amended complaint and second amended complaint, the bases of this lawsuit are simple: In April 2006, plaintiff Nathaniel Friedman—a lawyer—received a $2,100,000.00 loan secured with a deed of trust recorded against his Beverly Hills property.  He defaulted in July 2013 and then entered into a modification agreement (hereinafter **modification** or **agreement**) with then servicer, Bank of America, N.A. (**BANA**).  Shortly thereafter, the servicing of plaintiff's loan was released to co-defendant Nationstar.

The modification created a new principal balance and interest rate; in exchange, plaintiff agreed to make monthly principal and interest payments plus monthly "escrow items."  Those escrow items were for real property taxes and property insurance premiums to be paid by the "lender" (BANA and subsequently Nationstar) on plaintiff's behalf when due.  Plaintiff was to reimburse the lender through a portion of his monthly

---

[1] On March 25, 2015, plaintiff initiated his state court action, styled *Nathaniel J. Friedman v. Nationstar Mortgage LLC*, *et al.*, in Los Angeles Superior Court, case number SC123958.  The state court action was based on the same loan modification agreement and was adjudicated in Nationstar's favor following Nationstar's motion for summary judgment. It is discussed in more detail in Section II.A below.

[2] All citations to the RJN refer to the RJN filed on April 25, 2016, which was granted by this Court in its June 6, 2016 order.

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

payments.[3]  Plaintiff acknowledges these were the terms he agreed to, but nonetheless admits he refused to honor them.

Plaintiff brings this suit against Veriprise under a theory of financial elder abuse, but provides no factual basis for his claim.  Veriprise served only as a trustee under the deed of trust, and only between January 2015 and February 2016.  (SAC, ¶¶ 26 and 28.) Plaintiff has no viable grounds for relief as to Veriprise and Veriprise respectfully requests the Court grant its motion to dismiss the second amended complaint with prejudice.

## II. STATEMENT OF RELEVANT FACTS

### A.    The State Court Action and Appeal

On March 25, 2015, plaintiff initiated his state court action, styled *Nathaniel J. Friedman v. Nationstar Mortgage LLC*, *et al.*, in Los Angeles Superior Court, case number SC123958 (**the State Action**).  (Request for Judicial Notice (**RJN**), Exhibit 1.[4]) Plaintiff filed a first amended complaint on September 1, 2015, alleging six causes of action for (1) preliminary injunction, (2) negligence, (3) breach of the implied covenant of good faith and fair dealing, (4) intentional infliction of emotional distress, (5) declaratory relief and (6) slander of title.  (RJN, Exhibit 2.)  Identical to this case, the State Action was based on the terms of plaintiff's loan modification agreement and his refusal to pay full amounts owed to Nationstar.  (RJN, Exhibit 2.)  Plaintiff openly conceded he refused to pay Nationstar amounts due for taxes and insurance because he opted to instead make his own duplicative payments to the tax collector and the insurance company.  (RJN, Exhibit 2.)  Like he does in his current complaint, plaintiff further challenged Nationstar's right to hold the incomplete monthly payments in an

---

[3]  Because plaintiff had previously defaulted on his loan, it is typical for modifications to require impounding or escrowing funds for the lender's or servicer's payment of taxes and insurance.  This ensures the taxes and insurance are paid and reduces any risk of the lender's security interest being compromised by competing liens.

[4]  All citations to the RJN refer to the RJN filed on April 25, 2016, which was granted by this Court in its June 6, 2016 order.

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

impound (or suspense) account and, based thereon, contended his loan was not actually in default.  (RJN, Exhibit 2, ¶ 19.)

On November 20, 2015, Nationstar filed a motion for summary judgment.  (RJN, Exhibit 3.)  Nationstar's motion included a supporting declaration from Karen Ciccone (RJN, Exhibit 4) and the amended declaration of Fay Janati (RJN, Exhibit 5).  Plaintiff filed an opposition on December 23, 2015.  (RJN, Exhibit 6.)  Nationstar filed a reply brief on December 31, 2015. (RJN, Exhibit 7.)  The motion was heard and granted in its entirety on January 6, 2016.  (RJN, Exhibit 8.)  Nationstar served a notice of entry of judgment on January 27, 2016.  (RJN, Exhibit 9.)  On February 24, 2016, plaintiff filed a notice of appeal.  (RJN, Exhibit 10.)  The appeal is still pending.

### B.    The Parties and Subject Loan

On or about April 19, 2006, plaintiff obtained a $2,100,000.00 refinance loan (**loan**) from Countrywide Home Loans, Inc. (**Countrywide**), secured by the real property located at 1423 Schuyler Road, Beverly Hills, California 90210 (**property**).  (FAC, ¶ 2; RJN, Exhibit 11.)  The deed of trust, recorded on April 26, 2006, named Mortgage Electronic Registration Systems, Inc. (**MERS**) as beneficiary and nominee for the lender and lender's successors and assigns and Recontrust Company, N.A. (**Recontrust**) as trustee.  (*Id.*)  Bank of America, N.A. (**BANA**) serviced the loan from 2006 through 2013.  (RJN, Exhibit 12.)  Contemplating receipt of incomplete payments, the deed of trust provided:

> Lender **may return** any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current.  Lender **may accept** any payment or partial payment insufficient to bring the Loan current without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, **but Lender is not obligated to apply such payments at the time such payments are accepted. ... Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current**.  (Emphasis added.)  (RJN, Exhibit 11.)

On May 9, 2012, Recontrust, in its capacity as trustee, recorded a corporation assignment of deed of trust conveying the interest in the senior deed of trust to defendant U.S. Bank, National Association, Successor Trustee to Bank of America,

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

N.A., Successor by Merger to LaSalle Bank, N.A., as Trustee to the Holders of the Zuni Mortgage Loan Trust 2006-OA1, Mortgage Loan Pass-Through Certificates, Series 2006-OA1 (**U.S. Bank**).  (RJN, Exhibit 13.)

### C.    The Loan Modification and Service Release to Nationstar

Plaintiff's loan was service released to Nationstar in July 2013.  (RJN, Exhibit 12.)  Just prior to Nationstar taking over servicing, plaintiff and BANA entered into a loan modification agreement dated July 1, 2013.  (FAC, ¶ 3; SAC, ¶ 1, Exhibit A; RJN, Exhibit 5, ¶ 6.)  The agreement, which modified the deed of trust, provided as follows:

- New principal balance of $2,558,066.10, with a maturity date of May 1, 2046 (395 months);

- An interest rate of 3.125% accrued as of June 1, 2013, with a first monthly payment due July 1, 2013;

- Monthly payments of $10,375.87 for principal and interest only, but with an estimated $2,495.94 added on to account for expected escrow payments, **making the monthly payment due $12,871.81 (subject to change depending on varying escrow fees)**;

- And, importantly, under paragraph 4.F, the modification stated:

  o *I will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance of the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all Insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." I shall promptly furnish to Lender all notices of amounts to be paid under this section 4.F. **I shall pay Lender the Funds for Escrow Items unless Lender waives my obligation to pay the Funds for any or all Escrow Items. Lender may waive my obligation to pay Lender Funds for any or all Escrow Items at any time. Any such waiver may only be writing.** In the event of such waiver, I shall pay directly, when and where payable, the amounts due for any Escrow Items for which payments of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment*

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*within such time period as Lender may require. My obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If I am obligated to pay Escrow Items directly, pursuant to a waiver, and I fail to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and I shall then be obligated to repay to Lender any such amount.* (Emphasis added.) (RJN, Ex. 5, ¶ 6; SAC, Ex. B.)

Plaintiff's FAC and SAC evidence an understanding of the modification terms, stating, "Pursuant to the Loan as amended by the [loan modification agreement], Plaintiff was required to pay to Lender the sum of $10,375.87 per month as payment of principal and interest on the Loan.   Pursuant to sections 3 and 4 of the [loan modification agreement], Plaintiff was also required to pay to Lender approximately $2,495.94 per month ('Escrow Funds') to provide for the payment of amounts due for property taxes and fire insurance..."  (FAC, ¶ 7; SAC ¶ 22.)  Despite his awareness he was required to pay the additional escrow items, plaintiff admits in his original complaint he only paid the mortgage payments "in the amount of $10,385.87" (Complaint, ¶ 9) and that he "may have, in a technical sense, breached the contract" by refusing to pay the full amounts owed (Complaint, ¶ 12).

## D.   Plaintiff's Requests for Waiver of the Escrow Account

Soon after Nationstar loaded the modification into its system, plaintiff began contacting Nationstar requesting a waiver of the escrow account.  (RJN, Exhibit 5, ¶ 8.) Nationstar acknowledged each request with a written response, the first of which was dated December 19, 2013.  (RJN, Exhibit 5, ¶ 9.)  Plaintiff acknowledged receipt of the letter in his sworn testimony.  (RJN, Exhibit 4, ¶ 3.)  In that correspondence, Nationstar verified it had already disbursed the first of two property tax payments for the 2013-2014 year and further declined plaintiff's request for a rescission of the escrow account. (RJN, Exhibit 5, ¶ 9.)  As Nationstar explained in its letter, the terms of the modification specifically obliged plaintiff to pay Nationstar for monthly escrow items.  (RJN, Exhibit 5, ¶ 9.)  Further, Nationstar's independent investigation revealed plaintiff had made a

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

delinquent tax payment in December 2012, a factor which—though not the sole basis for Nationstar's denial—negatively impacted his request.  (RJN, Exhibit 5, ¶ 9.)  Lastly, Nationstar broke down its accounting bases for the monthly escrow items due and informed plaintiff his complete monthly payments amounted to $12,625.85.  (RJN, Exhibit 5, ¶ 9.)  Despite this correspondence, plaintiff continued to make monthly payments of $10,375.87 (covering the loan's monthly principal and interest only).  (RJN, Exhibit 4, ¶ 3.)

Nationstar sent a subsequent correspondence to plaintiff, dated February 11, 2014, again declining his request for the removal of the escrow account.  (RJN, Exhibit 5, ¶ 10.)  Plaintiff acknowledged receipt of the correspondence in his sworn testimony. (RJN, Exhibit 4, ¶ 3.)  In it, Nationstar addressed plaintiff's objections to the December 19, 2013 letter, specifically acknowledging plaintiff's claim that his December 2012 tax delinquency was due to an error on behalf of the United States Postal Office. (RJN, Exhibit 5, ¶ 10.)  Plaintiff acknowledged receipt of the correspondence in his sworn testimony.  (RJN, Exhibit 4, ¶ 3.)  Nonetheless, Nationstar explained, due to the terms of the modification, the requirement for the escrow account was to remain on plaintiff's account for the life of the loan.  (RJN, Exhibit 5, ¶ 10.)  Nationstar further provided an updated escrow analysis, and informed plaintiff his new monthly payments owed were $12,552.50.   (RJN, Exhibit 5, ¶ 10.)   Again, despite this correspondence, plaintiff continued to make monthly payments of $10,375.87 and, in a letter dated March 10, 2014, informed Nationstar he would resume making the only partial payments.  (RJN, Exhibit 5, ¶ 11.)

In a letter dated March 26, 2014, Nationstar acknowledged plaintiff's partial payments and explained the incomplete payments would be applied to a suspense account (rather than to the loan account) until additional funds were sent in to equal the amount due.  (RJN, Exhibit 5, ¶ 12.)  Nationstar reiterated the same in a follow-up correspondence dated April 14, 2014 and again informed plaintiff the escrow account would remain in place for the life of the mortgage loan. (RJN, Exhibit 5, ¶ 13.)  Plaintiff

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   acknowledged receipt of the correspondence in his sworn testimony.  (RJN, Exhibit 4, ¶

2   3.)  Again, despite Nationstar's frank and documented responses, plaintiff continued to

3   make incomplete monthly payments of $10,375.87.  (RJN, Exhibit 4, ¶ 3.)

### E.    Nationstar's Recorded Notice of Default and Notice of Sale

5        After over a year of Nationstar declining plaintiff's requests for a rescission of the

6   escrow account and plaintiff's refusal to pay Nationstar the total amount of his monthly

7   payments, Nationstar executed a notice of default.  (FAC, ¶ 9; SAC ¶ 26, Exhibit M;

8   RJN, Exhibit 14.)   The notice of default was recorded by the substituted trustee,

9   Veriprise, on January 30, 2015 and reflected $81,232.58 in arrearages.  (FAC, ¶ 9; SAC

10  ¶ 29; Exhibit M; RJN, Exhibit 14.)

11       In response, plaintiff sent Nationstar two correspondences, dated February 2 and

12  February 26, 2015, requesting Nationstar rescind the notice of default.  (RJN, Exhibit 5,

13  ¶¶ 14-15.)   On March 26, 2015, Nationstar sent plaintiff a final correspondence

14  acknowledging receipt of his February 2015 letters and unambiguously stated,

15  "irrespective of repeated requests, we are unable remove [sic] the Escrow account and

16  Nationstar will continue to pay County Taxes on the account."  (Complaint, Exhibit O;

17  RJN, Exhibit 5, ¶ 16.)

18       On March 7, 2016, following the dismissal of the State Action, Aztec Foreclosure

19  Corporation (**Aztec**) substituted in as trustee.  (RJN, Exhibit 15.)  That same day, Aztec

20  recorded a notice of trustee's sale reflecting an unpaid balance of $2,671,482.07.  (RJN,

21  Exhibit 16.)  To date, no sale has taken place.

### F.    Plaintiff's Reinstatement

23       Pursuant to this Court's recommendation at the preliminary injunction hearing on

24  July 25, 2016, Nationstar provided a reinstatement quote to plaintiff taking out the taxes

25  and escrow plaintiff alleged to have paid already.  Nationstar reiterated to plaintiff that

26  in providing the reinstatement, it was in no way waiving plaintiff's obligation to make

27  his full monthly mortgage payments, including principal, interest, taxes, and insurance,

28  as outlined in the July 1, 2013 modification agreement.  Plaintiff accepted and paid the

1   reinstatement amount and thereafter reinstated his loan.  (SAC ¶ 38.)

2                               **III. LEGAL STANDARD**

3          A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6)

4   for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise

5   cognizable legal theory.  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.

6   1990).   To survive a dismissal motion, a complaint need only satisfy the minimal

7   pleadings requirements of Rule 8(a)(2)—a short and plain statement of the claim.

8   *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  The factual "allegations must be

9   enough to raise a right to relief beyond a speculative level."  *Bell Atl. Corp. v. Twombly*,

10  550 U.S. 544, 555 (2007).  That is, the complaint must "contain sufficient factual matter,

11  accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*,

12  556 U.S. 662, 678 (2009).  Dismissal with prejudice is proper if "it is clear that the

13  complaint could not be saved by any amendment."  *Livid Holdings, Ltd. v. Solomon*

14  *Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

15                               **IV. ARGUMENT**

16  **A.      Plaintiff's Claim for Financial Elder Abuse Fails as a Matter of Law**

17         Plaintiff's elder abuse claim is without merit.  As a matter of law, nonjudicial

18  foreclosure proceedings do not and cannot constitute elder abuse.  *Stebley v. Litton Loan*

19  *Servicing, LLP* (2011) 202 Cal.App.4th 522, 527 ("Foreclosing on a home is not

20  actionable [dependent adult/elder abuse] merely because it requires the former owner to

21  move out"); *see also Carpenter v. Bank of America, N.A.* (S.D. Cal. 2013) 2013 WL

22  28772 at *4 ("facts of this [foreclosure] case are a square peg and the Elder Abuse Act is

23  a round hole").)  "'Financial abuse of an elder or dependent adult occurs when a person

24  or entity…(1) [t]akes, secretes, appropriates, obtains, or retains real or personal property

25  of an elder or dependent adult for a ***wrongful*** use or with ***intent to defraud***, or both"

26  (emphasis added).   California Welfare and Institutions Code section 15610.30,

27  subdivision (a).  Plaintiff fails to (and cannot) show any property was taken wrongfully.

28  As stated in this Court's November 14, 2016 Order, "plaintiff's property has not yet been

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   sold at foreclosure and plaintiff does not allege that any real or personal property has

2   been taken from him."  Further, plaintiff will not ***wrongfully*** lose any property should it

3   be sold at a future trustee's sale.  As set forth above, defendants have acted in perfect

4   compliance with the deed of trust and subsequent loan modification agreement and,

5   what's more, they have given plaintiff repeated and ample opportunities to reinstate the

6   loan—which plaintiff has finally done.

## V. CONCLUSION

7           Based on the foregoing, defendant Veriprise respectfully request the Court grant

8   its motion without leave to amend and dismiss the entirety of plaintiff's second amended

9   complaint with prejudice.

Dated: December 5, 2016                    Respectfully submitted,

**AKERMAN LLP**


By: */s/ Parisa Jassim*
    Karen P. Ciccone
    Parisa Jassim
    Attorneys for Defendants
NATIONSTAR MORTGAGE, LLC; U.S. BANK,
NATIONAL ASSOCIATION, SUCCESSOR
TRUSTEE TO BANK OF AMERICA, N.A.,
SUCCESSOR BY MERGER TO LASALLE
BANK, N.A., AS TRUSTEE TO THE HOLDERS OF
THE ZUNI MORTGAGE LOAN TRUST 2006-OA1,
MORTGAGE LOAN PASS-THROUGH
CERTIFICATES, SERIES 2006-OA1 *erroneously
sued as* U.S. BANK NATIONAL ASSOCIATION and
VERIPRISE PROCESSING SOLUTIONS, LLC

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 — FAX: (213) 627-6342