UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL       'O'

| Case No. | 2:16-cv-2265-CAS(FFMx) | Date | December 27, 2016 |
|---|---|---|---|
| Title | NATHANIEL J. FRIEDMAN v. U.S. BANK NATIONAL ASSOCIATION ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - DEFENDANT VERIPRISE PROCESSING SOLUTIONS, LLC'S MOTION TO SET ASIDE DEFAULT (Dkt. 102, filed December 5, 2016)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of January 9, 2017 is vacated, and the matter is hereby taken under submission.

I.    INTRODUCTION & BACKGROUND

On April 1, 2016, plaintiff Nathaniel J. Friedman filed this action against defendants U.S. Bank National Association ("U.S. Bank"); Bank of America, N.A. ("BANA"); Nationstar Mortgage, LLC ("Nationstar"); Veriprise Processing Solutions, LLC ("Veriprise"); Aztec Foreclosure Corporation ("Aztec"); and Does 1–10, inclusive. Plaintiff's complaint asserts claims for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) accounting; (4) "injunctive relief for temporary restraining order, preliminary and permanent injunction"; (5) violation of California Civil Code § 2924c; and (6) money had and received. See Dkt. 1.

On June 6, 2016, the Court granted without prejudice Nationstar and U.S. Bank and BANA's motions to dismiss. Dkt. 61.

On June 20, 2016, plaintiff filed his first amended complaint. Dkt. 63 ("FAC"). Plaintiff's FAC reasserted his claims for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) and violation of California Civil Code § 2924c. Plaintiff also raised a new claim for financial elder abuse. On September 12,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-2265-CAS(FFMx) | Date | December 27, 2016 |
| Title | NATHANIEL J. FRIEDMAN v. U.S. BANK NATIONAL ASSOCIATION ET AL. | | |

2016, the Court granted without prejudice Nationstar and U.S. Bank and BANA's motions to dismiss plaintiff's FAC.  Dkt. 85.

On September 26, 2016, plaintiff filed his second amended complaint. Dkt. 88 ("SAC").  Plaintiff's SAC reasserts his claims for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) financial elder abuse.  Id.  On November 14, 2016, the Court granted *with prejudice* U.S. Bank and Nationstar and BANA's motions to dismiss plaintiff's SAC.  Dkt. 98.

Plaintiff served Veriprise with the summons and complaint in this action on April 4, 2016.  Dkt. 17.  Veriprise does not dispute that it was served with the complaint, however Veriprise has not filed an answer.  On November 14, 2016, the Court issued an order to show cause why this action should not be dismissed for lack of prosecution as to Veriprise.  Dkt. 99.  The Court stated that it would accept as a satisfactory response either (1) an answer filed by Veriprise by November 29, 2016 or (2) a request for entry of default filed also by November 29, 2016.  Id.  Plaintiff requested entry of default on November 15, 2016. Dkt. 100.  On November 17, 2016, the Clerk of the Court entered default against Veriprise, dkt. 101.

On December 5, 2016, Veriprise moved to set aside the entry of default.  Dkt. 102. ("Motion").  Veriprise also requests leave to file a motion to dismiss plaintiff's SAC.  Id. at 2–3; see dkt. 102-1.  On December 16, 2016, plaintiff filed an opposition to Veriprise's motion, dkt. 103 ("Opp'n"), along with evidentiary objections to the declaration filed by Veriprise's counsel, dkt. 104.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default "for good cause."  The Court considers three elements when evaluating whether "good cause" exists: (1) whether defendant's culpable conduct led to the default, (2) whether defendant has a meritorious defense, and (3) whether reopening the default judgment would prejudice plaintiff.  TCI Grp. Life Insurance Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2000) (noting that courts use the same factors to assess "good cause" under Fed. R. Civ. P. 55(c) as for reviewing default judgments under Fed. R. Civ. P.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-2265-CAS(FFMx) | Date | December 27, 2016 |
| Title | NATHANIEL J. FRIEDMAN v. U.S. BANK NATIONAL ASSOCIATION ET AL. | | |

60(b)), overruled on other grounds by Egelhoff v. Egelhoff Ex rel. Breiner, 532 U.S. 141, 147 (2001). As a general rule, cases should be decided on the merits as opposed to by default, and therefore "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." James M. Wagstaffe, Federal Civil Procedure Before Trial § 6-A (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). As such, the Court has broad discretion to overturn an entry of default. Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945–46 (9th Cir. 1986). This discretion is "more liberally applied" where a defendant seeks to set aside an entry of default pursuant to Rule 55(c) rather than a default judgment pursuant to Rule 60(b). United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091, n.1 (9th Cir. 2010). Moreover, the rules governing motions to set aside defaults "are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation." Id. at 1089. Nonetheless, the defaulting party carries the burden to demonstrate that the default should be set aside. TCI Grp. Life Ins. Plan, 244 F.3d at 696.

## III.  DISCUSSION

### A.  Culpable Conduct

It appears that the default was not the result of Veriprise's culpable conduct. A movant's conduct is culpable if he or she acted with bad faith, such as an "intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." TCI Grp. Life Ins. Plan, 244 F.3d at 697. However, where a defendant presents a "good faith explanation," failure to respond does not, on its own, amount to culpable conduct. Id.

Veriprise contends that it failed to answer plaintiff's complaint because it believed that counsel for Nationstar and U.S. Bank also represented Veriprise. Motion at 2–3. However, counsel for Nationstar and U.S. Bank, Parisa Jassim, believed that Veriprise would retain its own counsel. Id. at 2. Jassim has stated that Veriprise's mistaken belief was a result of her own "excusable mistake." Dkt. 102-2 ("Jassim Decl.") ¶ 7. Plaintiff objects to Jassim's statement as self-serving and because Jassim does not provide the basis for her "reasonable belief" that she was retained to represent only Nationstar and U.S. Bank in this action. Dkt. 104. However, Veriprise's failure to respond did not evidence any intent to take advantage of plaintiff or to otherwise manipulate the legal process. Therefore, the Court finds that Veriprise did not act culpably.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-2265-CAS(FFMx) | Date | December 27, 2016 |
| Title | NATHANIEL J. FRIEDMAN v. U.S. BANK NATIONAL ASSOCIATION ET AL. | | |

### B. Meritorious Defense

Veriprise likely has a meritorious defense in this action. "A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." TCI Grp. Life Ins. Plan, 244 F.3d at 700 (citations omitted); see also Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986) (A defendant moving to set aside a default must show that "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default."). Plaintiff asserts only his elder abuse claim against Veriprise. See SAC. The Court has previously concluded that plaintiff has failed to adequately plead his claim for financial elder abuse against Nationstar and U.S. Bank because plaintiff's loan has been reinstated and plaintiff does not allege that any real or personal property has been taken from him. Dkt. 98 at 11. There is no reason that the same logic does not apply to Veriprise. Therefore, Veriprise likely has a meritorious defense to plaintiff's claim.

### C. Prejudice to Plaintiff

Finally, the Court cannot discern any reason why vacating the default would prejudice plaintiff. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'" TCI Grp. Life Ins. Plan, 244 F.3d at 701 (quoting Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)). Examples of tangible harm to a non-movant include loss of evidence or heightened discovery burdens. Id. (citing Thompson v. American Home Assurance Co., 95 F.3d 429, 433–34 (6th Cir. 1996)). No such hardship exists here. Plaintiff is not prejudiced simply because he is deprived of a "quick victory" and must litigate his claims on the merits. Bateman v. United States Postal Service, 231 F.3d 1220, 1225 (9th Cir. 2000). Nothing suggests that plaintiff's pursuit of this action will be hindered or prejudicially delayed should the Court set aside the default.

Accordingly, at this stage, and in light of the principle that cases should be decided on their merits, the Court finds that Veriprise has satisfied all three of the elements required to set aside the default.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                'O'

| Case No. | 2:16-cv-2265-CAS(FFMx) | Date | December 27, 2016 |
|---|---|---|---|
| Title | NATHANIEL J. FRIEDMAN v. U.S. BANK NATIONAL ASSOCIATION ET AL. | | |

### D.   Plaintiff's Request for Sanctions

In the event that the Court sets aside the default, plaintiff requests sanctions in the amount of $5,000 for reasonable costs and fees associated with opposing this motion. Opp'n at 6. The imposition of sanctions is a matter within the discretion of the court. See L.R. 11-9. Because the Court finds that Veriprise's failure to answer the complaint was not in bad faith, the Court concludes that sanctions are not appropriate.

### V.   CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Veriprise's motion to set aside the default entered against it and **DENIES** plaintiff's request for sanctions. The Court directs Veriprise to file its motion to dismiss forthwith.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |